UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No.: 2:10-CV-308-DBH |
| | ) | |
| DANLY, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BABAK YAZDANI, et al., | ) | |
| | ) | |
| Parties-in-Interest | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MICHAEL YAZDANI, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No.: 2:09-CV-108-DBH |
| | ) | |
| DANLY, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Intervenor | ) | |

### MOTION TO QUASH OR FOR PROTECTIVE ORDER BY HAROLD J. FRIEDMAN, MARTHA C. GAYTHWAITE AND KAREN FRINK WOLF WITH INCORPORATED MEMORANDUM OF LAW

For reasons to be set forth more fully below, Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf ("the Witnesses") each move for an order by the Court quashing the

subpoenas served upon them by Colony Insurance Company through its counsel, commanding that each of them appear and testify at depositions in early November.

## INTRODUCTION

As the Court is well aware, the Witnesses were attorneys-of-record for the Defendants in Civil Action 02:09-CV-00108-DBH ("the Yazdani Tort Action") until their withdrawal was recently approved, shortly after the entry of James M. Bowie's Appearance for those Defendants. The Court has ordered production of all of the Witnesses' client files and that production has been accomplished. The Court also granted a motion by Colony Insurance to take depositions, but these Witnesses were not participants in that motion practice and had no opportunity to object. The service of these subpoenas has provided the first opportunity for these Witnesses to address the Court in their own right. The relief sought in this Motion is that the subpoenas be quashed and that the depositions not be taken. The question of whether these Witnesses may be subpoenaed and compelled to testify at hearing is a different question, although many of the issues may overlap for obvious reasons. The point is that this Motion does not seek immunity from testifying at hearing, but rather cancellation of these depositions. Alternatively, if any depositions occur, a Protective Order is necessary.

## PROCEDURAL ISSUES

The undersigned counsel for the Witnesses has accepted service of the subpoenas electronically and we raise no issue about any of the formalities of either the content or the delivery of the subpoenas. The issues are limited to the more important questions of whether this deposition testimony ought to occur or, in the alternative, what procedural safeguards and limitations the Court ought to impose.

2

The Witnesses, of course are not parties to the case and do not any longer represent parties to the case. They are adverse to nobody. They are Officers of the Court. It is not the point of this Memorandum to question or challenge the current procedural posture of these cases. We assume that the Federal Rules of Civil Procedure and the Local Rules of this District provide a considerable measure of flexibility and discretion, enabling the Court to fashion novel or unusual procedural devices, with the consent of all parties, to the extent that the parties and Court concur that the interests of justice and efficiency will be better served by such procedures than by rigorous adherence to the published rules.

Apparently, a stipulated entry of judgment is not all that is before the Court currently, at least because of the minor settlement approval issues that would be present in settlement of any case in which the injured person is a minor. As the Court has pointed out in conference with counsel, those issues generally involve only the question of the fairness of the arrangement to the minor child, with particular focus on the distribution of the settlement proceeds as between the minor child and the parents or between the family and counsel. The reasonableness of the settlement itself is not usually an issue in the ordinary minor settlement approval. It appears from reviewing the dockets in the two pending cases and the transcript of the Court's conference with counsel in the two pending cases on July 28, 2010 that the Parties have agreed that the Court should simultaneously conduct a proceeding to determine the reasonableness of the settlement or the fairness of the settlement amount with respect to the interests of the Colony Insurance Company as the excess insurer of the Defendants in the Yazdani Tort Action. From the point of view of these Witnesses, it is exceptionally unclear what process the Court intends to undertake to conduct such an evaluation of the reasonableness of that settlement and, therefore, issues about the appropriateness of specific questions at depositions will not arise in the usual

context, where it is clear to all what issues are before the Court and what process is intended or expected to be used to resolve those issues.

For example, if the Court intends to address the reasonableness of the settlement without fully trying the liability merits and hearing from all of the damages witnesses who would have testified at a full trial, it is difficult to judge the obligations of the Witnesses at a deposition under the Rules of Evidence or the Rules of Civil Procedure or the Maine Rules of Professional Conduct. These Witnesses are entitled not to be put in the position of having to guess or judge what is appropriate or permissible in a judicially unsupervised deposition in a novel procedure recently devised by the Parties.

## THE MAINE RULES OF PROFESSIONAL CONDUCT AND THE ATTORNEY-CLIENT PRIVILEGE

Analytically, it is crucial to understand the material difference between rules of evidence such as rules of attorney-client privilege and the waiver of the privilege, on the one hand and the duties of attorneys to maintain secrets and confidences of their clients and former clients under the Maine Rules of Professional Conduct on the other. It is a matter of indifference to these Witnesses whether their former clients waive a privilege and make admissible through some vehicle, such as the testimony of the former clients themselves, the content of communications between these Witnesses and their former clients. To the best of our ability to discern at this time, however, the former clients appear to be taking the position that they have waived privilege only with respect to the client file but there is nothing of record to indicate that they have waived privilege, or that the Court has determined that they have waived privilege, with respect to any future testimony by these Witnesses. But even if the former clients have intentionally or otherwise waived privilege for purposes of the Federal Rules of Evidence, it is imperative that

these subpoenas be quashed because they have not unequivocally waived any and all rights they have in any respect whatsoever under Rule 1.9 of the Maine Rules of Professional Conduct, or other rules of professional conduct, with respect to any duties of confidentiality or secrecy or loyalty that these Witnesses have with respect to their former clients.  Until there has been such an unambiguous, unequivocal, unconditional and irrevocable determination that these Witnesses are absolutely immune from any criticism by the former clients or by Bar Counsel for any testimony they might give at the proposed depositions, it is simply wrong to enforce these subpoenas.  Indeed, even this Motion is burdened by concerns that the Witnesses are not entitled to speak freely about matters not already on the record.

## NECESSITY AND EFFICIENCY

There is a certain facial plausibility to Colony Insurance's contention that it needs information in order to litigate the issues that have been agreed to be presented to the Court in the December proceeding.  That is not the same thing as a determination that *these* Witnesses should be subpoenaed to depositions in order to enable Colony to learn things that it might want to know.  For example, Colony has had for some time the letter embodying the Witnesses' evaluation of the Yazdani Tort Claim for mediation or settlement purposes.  That is one of the facts in the proceeding and that fact does not need to be proved by testimony at a deposition.  Certainly, the parties who have created this unusual process can also be expected to stipulate as to matters of authenticity and the like rather than to burden these Witnesses not only with the time and expense of testifying but with whatever risk there is in being held to account under the Rules of Professional Conduct, particularly Rule 1.9(c) because Colony would prefer to have more or better proof of something it can already prove.

One of Colony's issues, apparently, relates to whether or not there was some collusive arrangement between the Yazdanis and the former clients of these Witnesses. Both the Yazdanis and their counsel and the Witnesses' former clients and their current counsel can all testify, or should stipulate, that these Witnesses had absolutely nothing to do with the arrangement that is before the Court for approval. It is abusive to take the depositions of these Witnesses to prove facts that the real parties know to be true and cannot dispute.

The Court's docket in Civil Action: 02:10-CV-00308-DBH ("the Colony DJ Action") significantly shows the pendency of a Summary Judgment Motion by Colony in which it must necessarily represent to the Court that there is no genuine dispute as to any material fact. Some more showing that there is some point to this discovery ought to be required of a party that already has a summary judgment motion pending. All of the propositions in Colony's Statement of Material Fact are either propositions as to which these Witnesses have no testimonial competency because they absolutely know nothing about them (see above), or are propositions of fact as to which there is no serious basis for dispute (as for example, the evaluation letter by these Witnesses) or if they are not undisputed, may be proved with other available evidence. Forcing attorneys to testify about their work in a pending case is surely not the preferred course and, until the Summary Judgment Motion has been decided, any such testimony should be precluded.

As a general prudential matter, Courts should be cautious about requiring lawyers to testify about the work they have done for their clients. Even if that becomes necessary, it is one thing for the transactional lawyers to be called upon a few years later to talk about the negotiations or the documents relating to some transaction that leads to litigation. It is quite another matter, and corrosive to the litigation process itself, for lawyers who have appeared as

counsel-of-record in the very case under consideration to be called upon to testify essentially in real time about issues that are not the residue of some earlier work in a transaction, but the concurrent subject of dispute between their former clients and others in the same case. This is not to suggest that it may never occur, but it is to suggest that it ought to be a last resort, following a clear showing by the party seeking the testimony that it is truly necessary to prove a material fact in the dispute then before the Court for adjudication.

It is also of considerable significance that only Colony sought leave of Court to conduct any discovery by deposition. As soon as the topic was introduced by Colony, however, attorneys for the Yazdanis came forward with the claim that they would need to take Karen Wolf's deposition for seven hours on videotape. On the face of it, this is abusive and unnecessary and the Court ought to protect Ms. Wolf and any other person in her position from such overreaching. These kinds of potential consequences are inherent in this case and the Court has not done anything so far to protect non-party witnesses from the overreaching by the parties and their counsel.

For all of the reasons discussed above, the Court ought to quash these subpoenas. The parties may invent novel ways of doing business if they care to do so and the Court may accommodate those innovations to the full extent of the Court's authority under the Rules. It does not follow from that, however, that lawyers with serious responsibilities under the Maine Rules of Professional Conduct may simply be marched off to depositions that are unnecessary to the development of actual evidence about the actual issues, but fraught with risk that the Witnesses will be confronted with impossible choices between their obligations as Officers of the Court to comply with discovery orders on the one hand and their positions as members of the Bar, obligated to comply with the Maine Rules of Professional Conduct on the other.

## **ALTERNATIVELY, THERE MUST BE A STRONG PROTECTIVE ORDER**

Under the Court's Local Rules, it is chronologically impossible to get relief from the ten-page limit for a non-dispositive motion in less than three days, although there is more we would like to say. Generally and summarily, if the Court does not quash the subpoenas, we seek leave to submit to the Court further argument concerning the necessity for a carefully-crafted protective order that limits the scope of the inquiry by Colony and the duration of the testimony and that, more importantly, rigorously limits the scope of any other questioning by any other party including particularly for the reason that no other party sought leave to do any deposition discovery. Neither the Witnesses nor their counsel can be expected to make multiple instantaneous judgments about what may or may not be permissible to say under those Rules. Instead we are entitled to the safe harbor of a clear and unequivocal court order which unambiguously directs not only the witnesses, but counsel interrogating the witnesses, as to the permissible scope and character of any inquiry, particularly at a deposition without a presiding judicial officer.

If something in the nature of cross examination is to be allowed at all, it should be strictly limited to questions about questions presented by Colony and not seen as an opportunity to open up the entire matter, as appears to be the intention of the Yazdanis' attorney's demand for a full seven-hour deposition of Karen Wolf after, and in addition to, the deposition of Ms. Wolf to be conducted by Colony. This would simply be wrong. The reasons cannot be detailed without violating the page limit, and it would be better to moot the question by quashing the subpoenas.

Dated:  October 28, 2010                     */s/ Gerald F. Petruccelli*
                                             Attorney for Harold J. Friedman, Esq., Martha C.
                                             Gaythwaite, Esq. and Karen Frink Wolf, Esq.


PETRUCCELLI, MARTIN & HADDOW, LLP
50 Monument Square, Post Office Box 17555
Portland, Maine  04112-8555
(207) 775-0200
By:     Gerald F. Petruccelli, Esq. – Bar No. 1245

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2010, I electronically filed Motion to Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf with Incorporated Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| C. Allen Foster, Esq.<br>David S. Panzer, Esq.<br>P. Benjamin Zuckerman, Esq.<br>Greenberg Traurig, LLP<br>2101 L Street NW, Suite 1000<br>Washington, DC  20037<br>zuckermanb@gtlaw.com<br>panzerd@gtlaw.com<br>fostera@gtlaw.com | Erik D. Bolog, Esq.<br>Law Office of Erik D. Bolog<br>2008 Hillyer Place, NW<br>Washington, DC  20009<br>erikbolog@tenacitygroup.com |
| Larry I. Gramovot, Esq.<br>Law Office of Larry I. Gramovot<br>100 Village Sq. Blvd., No. 3-405<br>Tallahassee, FL 32312<br>Larry@lig-law.com | James M. Bowie, Esq.<br>Thompson & Bowie, LLP<br>P.O. Box 4630<br>Portland, ME  04112<br>jbowie@thompsonbowie.com |
| Jeffrey A. Thaler, Esq.<br>Kathryn W. McGintee, Esq.<br>Bernstein, Shur<br>100 Middle Street<br>P.O. Box 9729<br>Portland, ME  04104-5029<br>jthaler@bernsteinshur.com<br>kmcgintee@bernsteinshur.com | |

                                                    /s/ Gerald F. Petruccelli, Esq.
                                                    Petruccelli, Martin & Haddow, LLP
                                                    50 Monument Square, P.O. Box 17555
                                                    Portland, Maine 04104-5033
                                                    (207) 775-0200
                                                    E-mail:  gpetruccelli@pmhlegal.com