## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
|                         Plaintiff | ) ) ) | |
| v. | ) | Civil No.: 2:10-CV-308-DBH |
| DANLY, INC., et al., | ) ) ) | |
|                         Defendants | ) ) | |
| and | ) ) | |
| BABAK YAZDANI, et al., | ) ) ) | |
|                         Parties-in-Interest | ) | |

************************************************************************

| | | |
|---|---|---|
| MICHAEL YAZDANI, et al. | ) ) | |
|                         Plaintiffs | ) ) | |
| v. | ) | Civil No.: 2:09-CV-108-DBH |
| DANLY, INC., et al., | ) ) ) | |
|                         Defendants | ) ) | |
| and | ) ) | |
| COLONY INSURANCE COMPANY, | ) ) | |
|                         Intervenor | ) | |

### REPLY TO COLONY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO MOTION TO QUASH OR FOR PROTECTIVE ORDER BY HAROLD J. FRIEDMAN, MARTHA C. GAYTHWAITE AND KAREN FRINK WOLF

In view of the compressed time schedule, it seems simplest from the point of view of the Witnesses to reply separately to each of the Objections to the Motion to Quash, while suggesting that anything said in any of these three Replies might well be applicable to other aspects of the situation and it seems reasonable to ask the Court to read the three submissions in that spirit.

Colony, of course, is the only party granted leave to conduct any depositions and the only party to have served the subpoenas. Perhaps it is not directly relevant, but it is noteworthy, that Colony in the first page-and-a-half complains about its disadvantages in having been involved in the case since July, while dismissing the Witnesses' disadvantages in being rushed to depositions by Colony in a case in which Colony itself has filed a motion for summary judgment, representing to the Court that there are no disputed issues of material fact.

Nor is there any merit to Colony's suggestion that the Witnesses had either the obligation or the opportunity to participate in the earlier motion practice. They had no standing to litigate Colony's Motion seeking leave to take their depositions. Indeed, Colony did not even serve subpoenas until asked to do so, and it was only upon the receipt of those subpoenas that these Witnesses had any basis upon which to challenge the decisions being made by others about their proposed testimony.[1]

Colony criticizes the Witnesses for having hastily filed their Motion to Quash, having been served with subpoenas only shortly before the Motion and Colony seems to think it is important that the Motions do not cite authority. It has seemed obvious, too obvious to need

---

[1] Informally, Mr. Bowie has stated that the Danly Parties have no objection to the service or acceptance of these subpoenas electronically or any technical objections with respect to their form or content. It is expected and intended that Mr. Bowie will make that waiver a matter of record at the next available opportunity, in light of the fact that he has also made remarks from time-to-time about what he terms the "duty of loyalty" which might plausibly have been supposed to include a duty not to waive the formalities of service.

citation, that there is no judicial decision, rule, statute or constitutional provision that either prohibits under any circumstances, or requires under all circumstances, that these depositions proceed as noticed.  It has seemed obvious instead that this is a matter well within the Court's discretion and that the size and shape of the Court's discretion in this matter ought not to be less large or less flexible than the discretion the Court has been exercising in scheduling the hearing on December 6 and 7.  All that is before the Court is a Motion to Quash *these* subpoenas for *these* depositions on *these* dates.  What discovery may or may not be in order after the summary judgment motions have been decided is not the subject of this Motion.

Colony erects and disposes of a number of straw men.  It has never been suggested that attorneys are entirely immune from being called to testify.  It has been argued that it is irregular and presents risks both to the attorneys and to their former clients that a Court ought to consider with care before compelling the testimony under circumstances in which it is far from clear that the testimony will be either necessary or useful to any party.

The Danly Parties have never unequivocally and broadly expressly waived whatever privilege may exist under the Federal Rules of Evidence, or whatever other kind of privilege or quasi-privilege may exist under the Rules of Civil Procedure, such as work product, including especially the mental impressions of their former attorneys.  Importantly, the Danly Parties have never unequivocally stated that the Witnesses either do not have any information that constitutes confidences or secrets under the Maine Rules of Professional Conduct or that they are free to testify about whatever they know without regard to what might be or might arguably be within the definition or description of confidences or secrets under the Maine Rules of Professional Conduct.

The burden of putting aside compensated professional work to accommodate these depositions may or may not be undue, but it is not irrelevant. The burden that is facially undue is the burden of being required in a deposition, among three parties of shifting interests and alliances, to ascertain question-by-question whether or not an otherwise proper answer is foreclosed by an attorney's duties under the Rules of Professional Conduct. *See for example* the Yazdanis' Opposition to the Motion and the potentially useful, or potentially dangerous, distinction between testimony about facts and testimony about opinions and *see* the Witnesses' Reply to same.

Of course it may simply be evidence of the haste of preparation, but it ought not to go unremarked that Colony has suggested that it "hopes" that the Witnesses will testify truthfully at their depositions. This sort of gratuitous innuendo is entirely unwarranted, but illustrates exactly the problem these Witnesses are attempting to have the Court resolve. Of course they will testify truthfully; the question is whether their truthful testimony will subsequently expose them to some further complication because the Danly Parties' current attorney has been more clever than clear about their waiver of attorney-client privilege and their waiver or not of rights they may or may not have under Rules other than the Rules of Evidence. The usual form of oath requires disclosure of the whole truth. If these Witnesses are constrained by any confidentiality duty, they ought not to be required to testify.

Colony has certainly made the case that it would be unusual to quash the subpoenas. Indeed it would be unusual to quash any subpoena. That does not mean, however, that the Court ought not to think about the circumstances here. Colony's suggestion that the burden is so heavy that it can never be met, or that the burden is so heavy that it cannot be met by the kind of candid, straight-forward presentation the Witnesses have made to the Court threatens to turn this

4

litigation into a game of tricks that is unworthy of our judicial system.  There is nothing unclear about the nature of these problems; there is much that is unclear about the proper solution of them.  What cannot be denied is that the scope of the permissible inquiry, and the presence or absence of any constraints on the Witnesses' ability to answer fully, need to be addressed in ways that are fair to all, including these Witnesses.

Colony's conclusory assertions, that its request for discovery is focused, or narrow, or otherwise not plenary, are of course inconsistent with the text of the attachment to each of the three subpoenas.  In the aggregate, the multiple numbered paragraphs, one way or another, justify deposition questions about anything having anything whatsoever to do with the case.  There is certainly nothing in that recital of topics to provide any basis for suggesting that there is any operationalized administrable restriction on any of the lawyers for any of the parties with respect to any question that might cross their minds as long as it has something to do with these two docket numbers.

The only party with any right to conduct this deposition discovery, and the only party that has served subpoenas, is Colony Insurance Company.  Colony has candidly acknowledged that the precise issues to be determined in the anticipated Fairness Hearing remain significantly undefined.  The Witnesses suggest that this is the result not only of the pendency of summary judgment motions, but also the novelty of the proceeding itself and the yet incomplete planning for that proceeding in terms of identifying issues, witnesses, exhibits, order of proof and other such matters of significance.

Notwithstanding the Court's understandable policies in favor of efficiency and timely resolution of the matters before it, the sequencing of these events and the compression of them into this time crunch puts the burden on these non-party Witnesses, when the burden should

properly lie on the parties, who have agreed with the Court's acquiescence to this novel procedure. (Colony is also burdened by its need to do these depositions even while completing the summary judgment briefing on an expedited basis.) It is not too much to ask that the summary judgment motions come fully to rest and that the trial issues be clearly identified before these Witnesses are required to testify. This Motion asks only that these subpoenas be quashed, not that these Witnesses be precluded from testifying either at later depositions or at hearing, if some sufficient justification comes into view.

Other than a general prudential concern about avoiding surprise, Colony has yet to articulate a reason to do these depositions now, or ever. But what is the potential for surprise? The historical facts concerning the representation of the Danly Parties by these Witnesses are heavily documented. To the extent that they are relevant and material to the proceeding the Court means to conduct in December, they are not seriously disputed. Indeed Colony has asked for a continuance to allow orderly resolution of the pending Summary Judgment Motions.

     Moreover, a determination of relevance and materiality cannot occur in a vacuum. The Yazdanis suggest that the only question at the Fairness Hearing is whether the proposed judgment is fair from the point of view of the Danly Parties. If that is indeed the standard, then it is difficult to understand how any testimony from these Witnesses can possibly be helpful to the Court in any phase of its decisional process. If the standard is not precisely as suggested, but has also not been otherwise articulated by Judge Hornby or by anybody else, questions of the permissible scope of these depositions flounder in search of a frame of reference for analysis.

     In short, this process that the parties have designed may have been a good idea, or it may have just have seemed to be a good idea at the time. Whatever it is, however, these Witnesses are being unfairly forced to shoulder the burden of uncertainty, arising from the potentially

divergent unarticulated assumptions of the parties and Judge Hornby about what is expected to occur in December.  Neither as a matter of efficiency, nor as a matter of fairness, should these depositions proceed before the summary judgment motions have been resolved and before some further clarification has been provided by Judge Hornby as to what is the agenda for the hearing in December.

Dated:  November 3, 2010                    */s/ Gerald F. Petruccelli*
                                                                 Attorney for Harold J. Friedman, Esq., Martha C. Gaythwaite, Esq. and Karen Frink Wolf, Esq.

PETRUCCELLI, MARTIN & HADDOW, LLP
50 Monument Square, Post Office Box 17555
Portland, Maine  04112-8555
(207) 775-0200
By:     Gerald F. Petruccelli, Esq. – Bar No. 1245

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2010, I electronically filed Reply to Colony Insurance Company's Response in Opposition to Motion to Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf with Incorporated Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| C. Allen Foster, Esq.<br>David S. Panzer, Esq.<br>P. Benjamin Zuckerman, Esq.<br>Greenberg Traurig, LLP<br>2101 L Street NW, Suite 1000<br>Washington, DC  20037<br>zuckermanb@gtlaw.com<br>panzerd@gtlaw.com<br>fostera@gtlaw.com | Erik D. Bolog, Esq.<br>Law Office of Erik D. Bolog<br>2008 Hillyer Place, NW<br>Washington, DC  20009<br>erikbolog@tenacitygroup.com |
| Larry I. Gramovot, Esq.<br>Law Office of Larry I. Gramovot<br>100 Village Sq. Blvd., No. 3-405<br>Tallahassee, FL 32312<br>Larry@lig-law.com | James M. Bowie, Esq.<br>Thompson & Bowie, LLP<br>P.O. Box 4630<br>Portland, ME  04112<br>jbowie@thompsonbowie.com |
| Jeffrey A. Thaler, Esq.<br>Kathryn W. McGintee, Esq.<br>Bernstein, Shur<br>100 Middle Street<br>P.O. Box 9729<br>Portland, ME  04104-5029<br>jthaler@bernsteinshur.com<br>kmcgintee@bernsteinshur.com | |

 

                                                */s/ Gerald F. Petruccelli, Esq.*
                                              Petruccelli, Martin & Haddow, LLP
                                              50 Monument Square, P.O. Box 17555
                                              Portland, Maine 04104-5033
                                              (207) 775-0200
                                              E-mail:  gpetruccelli@pmhlegal.com