## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil No.: 2:10-CV-308-DBH |
| DANLY, INC., et al., | ) | |
| Defendants | ) | |
| and | ) | |
| BABAK YAZDANI, et al., | ) | |
| Parties-in-Interest | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MICHAEL YAZDANI, et al. | ) | |
| Plaintiffs | ) | |
| v. | ) | Civil No.: 2:09-CV-108-DBH |
| DANLY, INC., et al., | ) | |
| Defendants | ) | |
| and | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| Intervenor | ) | |

**REPLY TO YAZDANIS' RESPONSE IN OPPOSITION TO MOTION TO QUASH OR FOR PROTECTIVE ORDER BY HAROLD J. FRIEDMAN, MARTHA C. GAYTHWAITE AND KAREN FRINK WOLF**

In view of the compressed time schedule, it seems simplest from the point of view of the Witnesses to reply separately to each of the Objections to the Motion to Quash, while suggesting that anything said in any of these three Replies might well be applicable to other aspects of the situation and it seems reasonable to ask the Court to read the three submissions in that spirit.

The Witnesses appreciate the succinct recapitulation of the circumstances leading to the service of these subpoenas in the first several pages of the Yazdanis' Response. The point, however, is not that there is some material in the record, shedding some light on what is anticipated to occur, but rather that the materials in the record do not sufficiently, much less completely, address and resolve the legitimate concerns of these Witnesses. For example, Colony represented to the Court that Mr. Friedman, Ms. Gaythwaite and Ms. Wolf were involved in the negotiations of the $3.2 million settlement in this case. Colony may have feared or assumed that such was the case, but Colony certainly had no information to support that representation to the Court at the time it was made and the Yazdanis and the Danly Parties can unequivocally dispose of that issue once and for all. There is no reason for these Witnesses to be subjected to depositions based upon Court orders that are in turn based upon a representation that has no basis in fact.

On page two of the Yazdanis' Response, an assertion by Colony is quoted to the effect that these Witnesses have critical information pertaining to the reasonableness of the settlement amount reached by the parties in this case. The knowledge of these Witnesses is easily able to be ascertained from the voluminous document production these Witnesses have been required to make. To the extent that the Witnesses' pre-settlement evaluations of trial risks and potential jury verdicts and the like remain material and relevant to the Court's fairness analysis of the later settlement amount negotiated by others, they are a matter of documentary record. The extent to

which those judgments or assessments or analyses or evaluations by these Witnesses at a former time had bearing on the reasonableness of the arrangement more recently made by the Yazdanis and the Danly Parties after these Witnesses were no longer involved in the process would seem to be a matter of argument for those parties or testimony by those parties, or those lawyers, but nobody has yet articulated how, as a matter of elementary litigation logic, how as a matter of fundamental relevance and materiality, testimony by these three lawyers about that work will assist any party or the Court in the Fairness Hearing, other than as a matter of corroborative completeness, i.e. cumulatively, or authentication which ought to be stipulated.

Significantly and helpfully, the topics identified in the subpoenas are set forth on page three of the Yazdani Response. We suggest with all respect that it is not possible to articulate a single topic that relates in any way to this child's injury, or either of the cases now pending before the Court, that is not within one or more of those seven paragraphs. The idea that this list constitutes a reasonable limitation or a limitation at all is facially implausible.

The Yazdanis suggest that the Motion to Quash is really not a Motion to Quash but a motion for guidance in terms of scope. It seems clear enough to us that we seek to quash *these* subpoenas at *this* time, recognizing that there may yet be issued other subpoenas at a later time, after the summary judgment motions have been decided and the issues in dispute have been more fully and clearly delineated. In the alternative, we need at least a clear and comprehensive procedural order if any depositions occur. The Court should be cautious about preparing such an Order under the compressed time circumstances here.

In Section One of the Argument portion of the Response, the Yazdanis suggest that it is perfectly obvious what the scope of the anticipated hearing will be, but the question that begs to be answered is whether the standard quoted from *Patrons Oxford Ins. Co. v. Harris,* 2006 ME

72, ¶ 18, 905 A.2d 819, 827 (Me. 2006) requires anything less than a plenary examination of the primary evidence concerning the full liability merits and all damages issues, including particularly the inherently predictive issues of future damages.  If the parties and the Court do indeed have a common understanding, that is to say that their expectations are identical, it should be possible in time to craft an order governing this discovery that truly limits it to a set of topics narrower than every issue that has ever been in the case at any time since the Complaint was filed.  The three filings instead make clearer the differences among the parties about what they expect from these depositions.

      The Yazdanis' point that these Witnesses ought not to be involuntarily enlisted to serve as expert witnesses or made to testify about opinions except in the very narrow context of testimony about previous communications in which opinions were in fact communicated is one helpful restriction that ought to be adopted by the Court if it does not choose to quash the subpoenas entirely, at least for now, without prejudice.  This is exactly the kind of testimonial squabble that these Witnesses have a right to ask the Court to prevent.  At a minimum, the Court should also impose at least two other restrictions on any testimony, if the Motion is not granted fully.  One is a time limit with sub-time limits.  We think that two hours for each of these Witnesses ought to be sufficient and that Colony ought not to be allowed to have any more than one of those two hours without the consent of the other parties, each of whom should be assigned thirty minutes which that party may either use or yield to one of the others. Additionally, notwithstanding the traditional free-wheeling view of cross-examination even in Court, not to mention at deposition, since only Colony has secured leave of Court even to do these depositions, the other parties should be prohibited from asking any question that is not

clearly and closely within the scope of the direct examination that actually occurs, as distinguished from being within the scope of the seven broad paragraphs of the subpoena.

It remains apparent from the review of this Response as well as the other two, that none of the parties actually has a clear and specific plan for eliciting otherwise unavailable testimony that is closely relevant to the issues identified by Judge Hornby in scheduling this Fairness Hearing.  We have really nothing more than the usual cautious concerns of lawyers who think they might be helped and will not hurt by asking some questions about the topics broadly delineated in the subpoenas, but other than a general prudential concern about avoiding surprise, neither Colony nor any other party has yet articulated a reason to do these depositions either now or ever.  The generic and undeniable fact that these witnesses served as attorneys of record in the underlying case and the generic and undeniable fact that all of their files have now been produced are not reason to allow deposition inquiry but, if anything, are reasons to preclude it.  The Court clearly has the authority to direct that discovery be undertaken by one method or another, including the authority to preclude deposition discovery where document discovery has been sufficient.  F.R.Civ.P. 26(c), (d).  This is neither a novel nor a controversial concept.  There are good reasons that are both inherent and obvious in this situation for treating the deposition testimony of these lawyers as a last resort, only upon a real showing that they actually can offer evidence, not otherwise available, that is actually material and relevant to the issues to be decided in the Fairness Hearing.  The normal presumption that parties get to schedule depositions solely because they hope they might learn something should be inoperative here for all the reasons that have been advanced in the original Motion to Quash and in the three Replies.  There are many reasons not to do these depositions and no clear reasons to do them, at least not now.

Dated:  November 3, 2010 */s/ Gerald F. Petruccelli*
Attorney for Harold J. Friedman, Esq., Martha C. Gaythwaite, Esq. and Karen Frink Wolf, Esq.


PETRUCCELLI, MARTIN & HADDOW, LLP
50 Monument Square, Post Office Box 17555
Portland, Maine  04112-8555
(207) 775-0200
By: Gerald F. Petruccelli, Esq. – Bar No. 1245

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2010, I electronically filed Reply to Yazdanis' Response in Opposition to Motion to Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf with Incorporated Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| C. Allen Foster, Esq.<br>David S. Panzer, Esq.<br>P. Benjamin Zuckerman, Esq.<br>Greenberg Traurig, LLP<br>2101 L Street NW, Suite 1000<br>Washington, DC  20037<br>zuckermanb@gtlaw.com<br>panzerd@gtlaw.com<br>fostera@gtlaw.com | Erik D. Bolog, Esq.<br>Law Office of Erik D. Bolog<br>2008 Hillyer Place, NW<br>Washington, DC  20009<br>erikbolog@tenacitygroup.com |
| Larry I. Gramovot, Esq.<br>Law Office of Larry I. Gramovot<br>100 Village Sq. Blvd., No. 3-405<br>Tallahassee, FL 32312<br>Larry@lig-law.com | James M. Bowie, Esq.<br>Thompson & Bowie, LLP<br>P.O. Box 4630<br>Portland, ME  04112<br>jbowie@thompsonbowie.com |
| Jeffrey A. Thaler, Esq.<br>Kathryn W. McGintee, Esq.<br>Bernstein, Shur<br>100 Middle Street<br>P.O. Box 9729<br>Portland, ME  04104-5029<br>jthaler@bernsteinshur.com<br>kmcgintee@bernsteinshur.com | |

                                                  /s/ Gerald F. Petruccelli, Esq.
                                                  Petruccelli, Martin & Haddow, LLP
                                                  50 Monument Square, P.O. Box 17555
                                                  Portland, Maine 04104-5033
                                                  (207) 775-0200
                                                  E-mail:  gpetruccelli@pmhlegal.com