## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No.: 2:10-CV-308-DBH |
| | ) | |
| DANLY, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BABAK YAZDANI, et al., | ) | |
| | ) | |
| Parties-in-Interest | ) | |

*************************************************************************

| | | |
|---|---|---|
| MICHAEL YAZDANI, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No.: 2:09-CV-108-DBH |
| | ) | |
| DANLY, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Intervenor | ) | |

**REPLY TO DANLY DEFENDANTS' LIMITED OBJECTION TO MOTION TO QUASH
OR FOR PROTECTIVE ORDER BY HAROLD J. FRIEDMAN,
MARTHA C. GAYTHWAITE AND KAREN FRINK WOLF**

In view of the compressed time schedule, it seems simplest from the point of view of the Witnesses to reply separately to each of the Objections to the Motion to Quash, while suggesting that anything said in any of these three Replies might well be applicable to other aspects of the situation and it seems reasonable to ask the Court to read the three submissions in that spirit.

Informally, Mr. Bowie has stated that the Danly Parties have no objection to the service or acceptance of these subpoenas electronically or to any technical objections with respect to their form or content.  It is expected and intended that Mr. Bowie will make that waiver a matter of record at the first available opportunity, in light of the fact that he has also made remarks from time-to-time about what he terms the "duty of loyalty" which might plausibly have been supposed to include a duty not to waive the formalities of service.

The Objection filed by the Danly Parties is similar to the content of the communications that have occurred informally with respect to these matters.  The Objection speaks of "limited examination" but says nothing about what limitation is appropriate.  The Objection says that the Danly Defendants "do not anticipate objecting on the basis of privilege….[but] reserve their right to assert appropriate objections, including objections based on privilege…."  Obviously, they may object when the time comes.  As the Witnesses have attempted to show, the question of evidentiary privilege under the Federal Rules of Evidence is the least of their concerns.  The Danly Parties have never said whether or not they consider that their former lawyers are in possession of confidences or secrets that must not be disclosed notwithstanding the waiver of privilege; that is at the heart of the problem.  Privileged communications do not necessarily involve only confidences or secrets.  A lawyer may know something the client considers a secret that would not necessarily result from a privileged communication.  That distinction has not yet

even been acknowledged. Rule 1.6 of the Maine Rules of Professional Conduct protects two categories of information from disclosure by counsel:

1) attorney-client privileged communications;

2) information gained in the attorney-client relationship the disclosure of which would be detrimental to the client's interest.

Maine Rules of Professional Conduct 1.6 (Comment 2).

The Danly Defendants agree that the Court should set reasonable limits on the timing and duration of the depositions, but say nothing about what might be reasonable. And the Danly Parties reserve their right to assert appropriate objections without saying what might or might not be appropriate if the examination of the deponents goes beyond the areas specified in the subpoena and into areas that are inappropriate and irrelevant. Given the breadth of what is specified in the subpoena, it is difficult to imagine that there would be a question that goes beyond those areas and it is not possible at this point to imagine what standard either the lawyers or the Court or the Witnesses ought to use with respect to what is characterized in this Objection as "inappropriate" or "irrelevant." Can something that is relevant be objected to as "inappropriate"? What must the witness do if that objection is made?

Particularly, with respect to questions of relevancy, it seems to be generally being suggested that the broad sweeping Rule 26(b) concept of relevant evidence does not govern these depositions. And yet, no alternative language has yet been suggested that would operate to control or limit the scope of the proposed depositions.

Once again, it is not the objective of these Witnesses to frustrate the efforts of these parties or the Court to bring this case to a suitable conclusion. It is not sufficient, however, that the actual parties simply express a generalized affection for reasonableness and good order

without talking seriously about any actual operational limitations. It is particularly within the control of the Danly Parties to simplify and clarify this task either completely or enormously by saying in plain terms whether or not they reserve any rights with respect to confidences, or secrets, or otherwise, with respect to the scope of the questions or the answers. If this is to be done piecemeal, question-by-question, at the very least it ought to be made clear in an order from the Court that, absent clearly articulated objection by Mr. Bowie, the question is fair game and a full and complete and accurate answer ought to be given without any considerations of confidences, or secrets, or other normally-applicable constraints. Further, the Court ought to clearly order that if Mr. Bowie instructs the Witnesses not to answer, the Witnesses are not to answer until the Court has ruled. Further, the Court ought to order that if Mr. Bowie takes exception to the Court's ruling, and indicates an intention to seek review of it by the District Judge, the Witness should not answer the question, even in the face of an order from the Magistrate Judge. These are the kinds of operational protocols that are minimally required in this fast-moving situation to avoid having these Witnesses being the only disadvantaged interests in the entire matter. But all of this can be deferred until the Court rules on summary judgment without any prejudice to any party.

In the ordinary course, a mere non-party witness can be expected to sit at the table and answer the questions, whether or not they are relevant or material to the issues dividing the parties. The witness' only stake in such an event is the potential wasting of the witness' time. Here, is seems not to be doubted that these Witnesses have substantial professional obligations to their former clients and that counsel for their former clients does not consider it possible to provide the kind of unequivocal, unambiguous, and irrevocable waiver or release that would

enable these Witnesses simply to answer the questions without having to consider countervailing obligations with respect to every word they say.

Again, these witnesses are officers of the Court and not unmindful of their obligations like any citizens to respond to the Court's process in due course. These Witnesses, however, are entitled to be protected from the risks engendered by the confusion inherent in this novel process, particularly where it lies well within the control of the actual parties to eliminate or materially reduce those risks. The Motion seeks only that *these* subpoenas for *these* dates *this* week be quashed and by extension and implication that the Court first decide the summary judgment motions before deciding whether or not there are indeed any triable issues of fact as to which the testimony of these Witnesses might arguably be germane. That is a reasonable request and it is well within the discretion of the Court to grant.

Dated:  November 3, 2010                    */s/ Gerald F. Petruccelli*
                                            Attorney for Harold J. Friedman, Esq., Martha C.
                                            Gaythwaite, Esq. and Karen Frink Wolf, Esq.


PETRUCCELLI, MARTIN & HADDOW, LLP
50 Monument Square, Post Office Box 17555
Portland, Maine  04112-8555
(207) 775-0200
By:    Gerald F. Petruccelli, Esq. – Bar No. 1245

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2010, I electronically filed Reply to Danly Defendants' Limited Objection to Motion to Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf with Incorporated Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| C. Allen Foster, Esq.<br>David S. Panzer, Esq.<br>P. Benjamin Zuckerman, Esq.<br>Greenberg Traurig, LLP<br>2101 L Street NW, Suite 1000<br>Washington, DC  20037<br>zuckermanb@gtlaw.com<br>panzerd@gtlaw.com<br>fostera@gtlaw.com | Erik D. Bolog, Esq.<br>Law Office of Erik D. Bolog<br>2008 Hillyer Place, NW<br>Washington, DC  20009<br>erikbolog@tenacitygroup.com |
| Larry I. Gramovot, Esq.<br>Law Office of Larry I. Gramovot<br>100 Village Sq. Blvd., No. 3-405<br>Tallahassee, FL 32312<br>Larry@lig-law.com | James M. Bowie, Esq.<br>Thompson & Bowie, LLP<br>P.O. Box 4630<br>Portland, ME  04112<br>jbowie@thompsonbowie.com |
| Jeffrey A. Thaler, Esq.<br>Kathryn W. McGintee, Esq.<br>Bernstein, Shur<br>100 Middle Street<br>P.O. Box 9729<br>Portland, ME  04104-5029<br>jthaler@bernsteinshur.com<br>kmcgintee@bernsteinshur.com | |

      /s/ Gerald F. Petruccelli, Esq.
      Petruccelli, Martin & Haddow, LLP
      50 Monument Square, P.O. Box 17555
      Portland, Maine 04104-5033
      (207) 775-0200
      E-mail:  gpetruccelli@pmhlegal.com