UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | |
|---|---|
| M.Y., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil No. 09-108-P-H |
| ) | |
| DANLY, INC., et al., ) | |
| ) | |
| Defendants ) | |
| and ) | |
| ) | |
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Intervenor ) | |

*************************************************************************

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 10-308-P-H |
| ) | |
| DANLY, INC., et al., ) | |
| ) | |
| Defendants ) | |
| and ) | |
| ) | |
| BABAK YAZDANI, et al., ) | |
| ) | |
| Parties in Interest ) | |

### ORDER ON MOTION TO QUASH SUBPOENA

Harold Friedman, Martha Gaythwaite, and Karen Wolf (the "Attorney Witnesses") move to quash subpoenas served on each of them on October 26, 2010, by Colony Insurance Company

("Colony") commanding their testimony at depositions scheduled for November 4 and 5, 2010. *See* Motion To Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf ("Motion") (Docket No. 162, *Yazdani*; Docket No. 67, *Colony*). Alternatively, the Attorney Witnesses seek a protective order with respect to those depositions. *See id.* For the reasons that follow, the motion is denied insofar as it seeks to quash the subpoenas but granted in part insofar as it seeks a protective order.

## I. Applicable Legal Standards

The First Circuit has observed:

> While district courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist. For example, Fed. R. Civ. P. 26(c) provides that, upon a showing of good cause, the presiding court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Even more pertinently, Fed. R. Civ. P. 45(c)(3)(A)(iv) commands that a court shall quash or modify a subpoena if the subpoena subjects a person to undue burden.

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003) (citations and internal quotation marks omitted).

## II. Discussion

The Attorney Witnesses formerly served as counsel to the defendant "Danly parties" in the underlying *Yazdani* personal injury case, *see* Docket Nos. 145, 148, 157-58, *Yazdani*, and now have been subpoenaed to testify as witnesses with respect, *inter alia*, to the reasonableness of a settlement entered into in the *Yazdani* matter. They identify an unusual "undue burden" in these circumstances: "the burden of being required in a deposition, among three parties of shifting interests and alliances [Colony, the Yazdani parties, and the Danly parties], to ascertain question-by-question whether or not an otherwise proper answer is foreclosed by an attorney's duties under the Rules of Professional

Conduct." Reply to Colony Insurance Company's Response in Opposition to Motion To Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf (Docket No. 171, *Yazdani*; Docket No. 75, *Colony*) at 4.

The concern raised by the Attorney Witnesses, in context, does not warrant quashing the subpoenas. The Danly parties effectively have waived the attorney-client privilege with respect to the entire client file maintained by the Attorney Witnesses' law firm, Friedman Gaythwaite Wolf & Leavitt ("FGWL"). *See, e.g.*, Docket No. 151, *Yazdani*; Docket No. 38, *Colony*, at 4-5. The Attorney Witnesses argue, in essence, that their duties to their former clients pursuant to the Maine Rules of Professional Conduct, for example, duties to preserve confidences and secrets of former clients pursuant to Rule 1.9, are broader than the obligations imposed by the attorney-client privilege. *See, e.g.*, Motion at 5-7; Reply to Danly Defendants' Limited Objection to Motion To Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf ("Reply/Danly") (Docket No. 173, *Yazdani*; Docket No. 77, *Colony*) at 2-3. Nonetheless, in these circumstances, in which the Danly parties have made clear that they wished their entire FGWL client file produced, and the court is now in effect ordering the Attorney Witnesses to testify by denying a motion to quash predicated largely on invocation of professional responsibility duties, I fail to see how, as a practical matter, the Danly parties or Bar Counsel could hold the Attorney Witnesses accountable for the transgression of any such duties.

That said, the Attorney Witnesses make a persuasive case that limitations are warranted to protect them from unduly lengthy depositions, to ensure that questioning is appropriately limited, and to clarify that the burden is on the Danly parties' current counsel, not on the Attorney Witnesses or their counsel, to identify and object to lines of questioning implicating the Danly parties' interests,

3

for example, the attorney-client privilege, work-product doctrine, and professional responsibility duties owed by the Attorney Witnesses to the Danly parties.

The motion accordingly is denied insofar as it seeks to quash the subpoenas and granted in part insofar as it seeks a protective order, as follows:

1. The deposition of Attorneys Friedman and Gaythwaite shall be limited to a total of two hours each in length, with one hour reserved to Colony and one hour reserved to the Danly parties/ Yazdani parties. The deposition of Attorney Wolf shall be limited to a total of three hours in length, with two hours reserved to Colony and one hour reserved to the Danly parties/Yazdani parties.[1]

2. Colony, the Danly parties, and the Yazdani parties may inquire solely as to the subject matters set forth in Exhibit A to the subpoenas.[2]

3. To the extent that the Danly parties do not interpose objections during the depositions of the Attorney Witnesses, they shall be deemed to have waived them, including objections based on claims of privilege or quasi-privilege, for example attorney-client or work product, or based on the

---

[1] The Danly parties and the Yazdani parties are free to allocate the hour reserved for them in whatever way they see fit, including yielding some time to Colony. While I decline to order the parties to enter into time-saving stipulations in advance of the depositions, as suggested by the Yazdani parties, *see* Yazdanis' Response to FGWL's Motion To Quash Subpoena ("Yazdani Response") (Docket No. 168, *Yazdani*; Docket No. 72, *Colony*) at 8, I encourage them to do so.

[2] Adopting a suggestion made by the Yazdani parties, the Attorney Witnesses sought protection from having to testify as to any opinions not communicated to their former clients, the Danly parties. *See* Yazdani Response at 8; Reply to Yazdanis' Response in Opposition to Motion To Quash or for Protective Order by Harold J. Friedman, Martha C. Gaythwaite and Karen Frink Wolf ("Reply/Yazdani") (Docket No. 172, *Yazdani*; Docket No. 76, *Colony*) at 4. I decline to impose this restriction. The problem that it seeks to remedy – the possible transgression of professional responsibility duties by giving testimony materially adverse to the Danly parties' interests – is adequately addressed by Item #3, below. I also deny the Attorney Witnesses' request to depart from "the traditional free-wheeling view of cross-examination even in Court, not to mention at deposition" and prohibit the parties other than Colony, the only party that sought the taking of the depositions, "from asking any question that is not clearly and closely within the scope of the direct examination that actually occurs, as distinguished from being within the scope of the seven broad paragraphs of the subpoena." Reply/Yazdani at 4-5. All parties are free to question the Attorney Witnesses within the parameters of the subject matter and time constraints set forth in Items ##2-3.

4

transgression of duties owed by the Attorney Witnesses to them as former clients, including but not limited to duties of secrecy, confidentiality, and loyalty.[3]

4. If counsel for the Danly parties interposes such an objection, counsel for the Attorney Witnesses may instruct the Attorney Witness not to answer. To the extent that any dispute regarding any such objection cannot be resolved pursuant to the obligation imposed by Local Rule 26 to confer in good faith, counsel shall forthwith contact the court for resolution of any such dispute, and the Attorney Witness need not answer, if instructed not to do so by his or her attorney, pending resolution of the dispute by the court.[4]

I note that (i) neither the parties nor the Attorney Witnesses have raised an issue regarding the confidentiality of the testimony that those witnesses will give, and (ii) the consent confidentiality order entered in both the *Yazdani* and *Colony* cases appears narrowly tailored to the document production previously made by FGWL. *See* Docket No. 155, *Yazdani*; Docket No. 50, *Colony*. However, given the inherently sensitive nature of the subject matter of the testimony, I will entertain any motion that the testimony be subject to confidentiality protections.

*SO ORDERED.*

---

[3] The Danly parties state that they do not anticipate objecting on the basis of privilege to questions posed to the deponents regarding the areas identified in the Colony subpoenas, but that they reserve their right to assert appropriate objections, including objections based on privilege, if the examination of the deponents goes beyond the areas specified in the subpoenas and into areas that are inappropriate or irrelevant. *See* Danly Defendants' Limited Objection to Motion To Quash (Docket No. 169, *Yazdani*; Docket No. 73, *Colony*) at 2.

[4] The Attorney Witnesses had proposed that the court order that, if Mr. Bowie, counsel for the Danly parties, instructed an Attorney Witness not to answer, the witness was not to answer until the court ruled. *See* Reply/Danly at 4. However, it is the responsibility of the Attorney Witnesses' counsel, not the Danly parties' counsel, to instruct them not to answer. The Attorney Witnesses also proposed that the court order that if Mr. Bowie took exception to any ruling that I might make and indicated an intention to seek review of it by the District Judge, the witness should not answer the question, even in the face of my order that he or she should. *See id.* I decline to adopt this proposal. Should this eventuality come to pass, the Attorney Witnesses are not without recourse; for example, the affected witness may seek a stay of any adverse ruling pending review by the District Court judge.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 3rd day of November, 2010.

                                                /s/ John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge